### George Hoffman v. James A. Ringrose

Superior Court      Hartford County      File No. 81162

Memorandum filed December 20, 1949

*John F. Downes*, of New Britain, for the Plaintiff.

*Harold J. Eisenberg*, of New Britain, for the Defendant.

INGLIS, J. This is an action for a declaratory judgment submitted on an agreed statement of fact. The question involved is how much the plaintiff, a retired fireman of the city of New Britain, is entitled, under the charter of that city, to receive by way of pension. The plaintiff was retired on August 12, 1947, after he had reached the age of sixty years and after forty-one years of service.

The city charter, after defining "half pay," as it is used with reference to retirement, as being 50 per cent of the compensation paid in the fiscal year of the retirement, goes on to make provision as to how retirement pay is to be computed. This latter provision as it was in effect at the time of the plaintiff's retirement is contained in two special acts enacted by the General Assembly of 1947 as Special Acts, Nos. 46 and 321. The latter act was passed as an amendment of the former and the two together read as follows:

"Each regular member of the fire department of said city who shall have served in said department twenty-five years shall, upon his written request, be permanently retired on half pay. Upon reaching the age of sixty years each regular member who has served in said department twenty-five years shall be retired upon his written request and two per cent additional shall be added to his retirement benefits for each additional year of service after twenty-five years."

The contention of the plaintiff is that he is entitled under those provisions to retirement pay of one-half of his last salary plus 2 per cent of that salary for each additional year of service over twenty-five, i. e., a total of 82 per cent of his salary. The contention of the defendants is that he is to receive an amount equal to one-half of his salary plus 2 per cent of that sum for each additional year of service over twenty-five, i. e., 66 per cent of his salary.

The charter provision does not specify expressly what the 2 per cent additional is to be of. However, it does specify that it is to be additional to the half pay which he is to receive for twenty-five years service. The only sum referred to in the combined section enacted in 1947 is "half pay." When it says 2 per cent additional it obviously means additional to his half pay. It therefore should be read as though it said "two per cent additional to his half pay." When read that way and bearing in mind that nowhere in the section is there any mention of full pay, it becomes clear that what the legislature meant was 2 per cent of his half pay. The mere fact that in other retirement systems it is rather common to provide for an additional percentage of the retiring employee's salary before retirement for additional years of service can have no bearing here. We are here concerned only with the provisions of the specific charter provisions applicable to this case. These provisions entitle a fireman who retires by reason of reaching age sixty with more than twenty-five years of service to half pay for the first twenty-five years and 2 per cent of that half pay for each additional year of service over twenty-five.

Judgment may enter declaring that the plaintiff is entitled as retirement benefits to one-half of $3400, his annual pay at the time of his retirement, i. e., $1700, plus two per cent of that sum of $1700, i. e., $34, for each additional year of his service after twenty-five years. No costs shall be taxed against either party.